IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LEROY TITUS ELLIOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24CV214 |
| | ) | |
| DUKE UNIVERSITY PRESS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on two motions by Defendant Duke University Press ("Defendant")—a motion to dismiss Leroy Titus Elliott's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket Entry 4; *see also* Docket Entry 5) and a motion to strike Plaintiff's response pursuant to Federal Rule of Civil Procedure 6 and Local Rule 7.3(k). (Docket Entry 10; *see also* Docket Entry 11.) Plaintiff has filed a response in opposition to the motion to dismiss (Docket Entry 9) and Defendant has filed a reply. (Docket Entry 12.) This matter is ripe for disposition. For the reasons stated herein, it is ordered that Defendant's motion to strike is denied and recommended that Defendant's motion to dismiss be granted.

### I. PROCEDURAL BACKGROUND

Plaintiff filed a *pro se* lawsuit against Defendant on February 8, 2024, in Orange County Superior Court alleging unlawful disability discrimination and wrongful termination. (Complaint

1

at 1, Docket Entry 2.)[1]  Defendant then removed this action to this Court on March 12, 2024, (Docket Entry 1), and thereafter filed a motion to dismiss Plaintiff's Complaint on March 14, 2024.  (Docket Entry 4.)  Plaintiff filed a motion for extension of time to file a response to Defendant's motion to dismiss on April 15, 2024.  (Docket Entry 8.)  The Court granted that motion, extending the deadline to April 26, 2024.  (Text Order dated 04/18/2024.)  Plaintiff filed a response to Defendant's motion to dismiss on May 1, 2024—five days late.  (Docket Entry 9.)  Defendant then filed a motion to strike Plaintiff's response opposing Defendant's motion to dismiss on May 10, 2024.  (Docket Entry 10.)  Finally, also on May 10, 2024, Defendant filed a reply in support of its motion to dismiss Plaintiff's Complaint.  (Docket Entry 12.)

## II. FACTUAL BACKGROUND

Plaintiff brings this action pursuant to the Americans with Disabilities Act ("ADA") and the North Carolina Persons with Disability Protection Act ("NCPDPA"), seeking damages for alleged unlawful disability discrimination and wrongful termination by Defendant.  (Compl. at 3-4.)  More specifically, Plaintiff alleges he was employed by Defendant as a copyeditor from April 1, 2022, to April 1, 2023.  (*Id.* at 10.)  He alleges that "Duke University Press employs more than fifteen individuals and is an employer under the law."  (*Id.*)  Plaintiff further alleges that he is "a qualified individual with disabilities" under the ADA, and that "[Defendant] was aware of [his] disabilities."  (*Id.*)  He alleges that "[he] was discriminated against by [Defendant] when [he] was laid off by its senior editor Ms. Amy

---

[1] All citations in this opinion to documents filed with the Court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

Buchanan because [he] was late with two editing projects on the basis of two successive disabilities." (*Id.*) Plaintiff alleges that:

> The first disability happened on or about January 15, 2023. It was a sudden onset of benign positional vertigo [("BPV")], the effects of which remain to this day. The second disability happened on or about March 3, 2023, when I was assaulted by my former housemate in Chapel Hill. The effects of the assault remain to this day.

(*Id.* at 9, 10.) Plaintiff further alleges that he filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") on August 28, 2023. (*Id.* at 10.) Plaintiff also alleges that he has "uploaded into the U.S. EEOC website" two documents: a note from his primary care provider "testifying" that he has BPV, and "a subpoena for [his] former housemate to appear in Orange County District Court on assault charges against [Plaintiff]." (*Id.* at 10-11.) He alleges that "[o]n November 8, 2023, I received, via the … EEOC, a 'right to sue' document, which means that I can file a lawsuit against [Defendant] either in state court or in federal court within 90 days." (*Id.* at 11.) Plaintiff is suing Defendant "seeking an as-yet-unspecified amount in monetary damages and an as-yet-unspecified amount in punitive damages." (*Id.*)

### III. DISCUSSION

#### a. Defendant's motion to strike Plaintiff's response is denied.

Defendant moves to strike[2] as untimely Plaintiff's response to the motion to dismiss. (Docket Entry 10 at 1; Docket Entry 11 at 1.) Specifically, Defendant argues that Plaintiff "failed to offer any explanation for his tardy filing, let alone one rising to the requisite level of excusable

---

[2] The undersigned notes that neither Federal Rule of Civil Procedure 6 nor Local Rule 7.3(k) provide any means of "striking" a response. Federal courts are authorized to strike improper matters from pleadings via Federal Rule of Civil Procedure 12(f), but a response is not a pleading, and Defendant has not invoked Rule 12(f). *McFadyen v. Duke Univ.*, No. 1:07CV953, 2014 WL 12595370, at *5 (M.D.N.C. Apr. 17, 2014). Nevertheless, Plaintiff's response is still subject to the rules mentioned in Defendant's motion to strike; accordingly, those are discussed below.

3

neglect." in filing his response on May 1, 2024, rather than by the deadline of April 26, 2024. (Docket Entry 11 at 1.) While Plaintiff has not filed a response to Defendant's motion to strike, Defendant articulates no prejudice from this five-day delay and has made no argument that it would be prejudiced by this Court's consideration of Plaintiff's response brief. (*See generally* Docket Entry 10 and Docket Entry 11.) Rather, Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and Local Rule 7.3(k), Defendant seeks to strike Plaintiff's response in order to have the Court grant its motion to dismiss as an uncontested. (*See id.*)

"By Local Rule,[3] the Court may treat any motion lacking a timely response as an uncontested motion, which the Court may grant without further notice." *Durand v. Charles*, No. 1:16CV86, 2016 WL 7495811, at *2-3 (M.D.N.C. Dec. 30, 2016) (citing M.D.N.C. LR 7.3(k)), *report and recommendation adopted*, No. 1:16CV86, 2017 WL 389108 (M.D.N.C. Jan. 26, 2017). "Pursuant to … Fourth Circuit [precedent], however, the Court must evaluate the propriety of granting the Motion to Dismiss regardless of whether Plaintiff opposed such dismissal." *Id.* (citing *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014) ("[e]ven though [the plaintiffs] did not challenge the motions to dismiss, … the district court nevertheless has an obligation to review the motions to ensure that dismissal is proper")); *accord Gardendance, Inc. v. Woodstock Copperworks, Ltd.*, 230 F.R.D. 438, 449 (M.D.N.C. 2005) ("As with summary judgment motions, a court does not grant a motion for dismissal merely because it is uncontested. Rather,

---

[3] "Plaintiff's status as a *pro se* litigant does not entitle him to relief from this rule." *Rogers v. Davidson Cnty. Det. Ctr. of Lexington*, No. 1:07CV141, 2010 WL 2347082, at *5 (M.D.N.C. June 9, 2010). As the Court observed in *McNeil v. United States*, 508 U.S. 106, 113 (1993), " '[the Supreme Court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.' Accordingly, *pro se* litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Hewitt v. Hutchins*, 309 F. Supp. 2d 743, 748-49 (M.D.N.C.2004) (cleaned up).

4

a district court should review a motion to dismiss on its merits to determine whether the pleadings are sufficient."). In conducting such a review, the Court may analyze both Defendant's motion to dismiss and Plaintiff's untimely response. *See, e.g.*, *Turner v. Sgt. Turner*, No. 1:14CV379, 2015 WL 3463487, at *2 (M.D.N.C. June 1, 2015) (considering merits of defendants' unopposed motion to dismiss where *pro se* plaintiff failed to timely respond); *McRae v. Rogosin Converters, Inc.*, 301 F. Supp. 2d 471, 474 (M.D.N.C. 2004) (considering merits of defendant's motion to dismiss and of *pro se* plaintiffs' untimely response).[4] Thus, here, "[u]nder these circumstances, the Court denies the Motion to Strike." *Durand*, 2016 WL 7495811, at *3.

### b. Defendant's motion to dismiss Plaintiff's Complaint should be granted.

Defendant moves to dismiss on two grounds: (1) Plaintiff's claims under the ADA and NCPDPA are untimely; and (2) the Court lacks subject matter jurisdiction to adjudicate Plaintiff's NCPDPA claims. (Docket Entry 4 at 1.)

### i. The Court lacks subject matter jurisdiction over Plaintiff's NCPDPA claims.

Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's NCPDPA claims because he "has elected to pursue his claims under the ADA." (Docket Entry 5 at 7; *see also* Docket Entry 12 at 1.) In his Complaint, which was filed using a "Complaint for Employment Discrimination" form, Plaintiff hand-wrote that the action was being brought for

---

[4] In the instant case, Plaintiffs failed to file a timely response to Defendants' motions to dismiss and have failed to justify their untimely response with any grounds sufficient to support a finding of excusable neglect. The court will therefore strike Plaintiffs' untimely response … and will grant Defendants' motions to dismiss. In the alternative and in the interests of justice, the court will consider the merits of Defendants' motions to dismiss and will consider Plaintiffs' untimely response …. Even so, after a careful review of Plaintiffs' complaint and the parties' briefs, including Plaintiffs' opposition to Defendants' motions, the court will grant Defendants' motions to dismiss.

*McRae*, 301 F. Supp. 2d at 473.

discrimination in employment pursuant to the NCPDPA. (*See* Compl. at 4.) However, in his response, Plaintiff repeatedly argues that he "did not bring suit under the [NCPDPA]" and that he "just checked that item in the form he filled out." (Docket Entry 9 at 9, 13, 14-15, 18-19, 19-20.) Claims under the NCPDPA are limited in that

> [n]o court shall have jurisdiction over an action filed under [the NCPDPA] where the plaintiff has commenced federal judicial or administrative proceedings under … the [ADA] … involving or arising out of the facts and circumstances involved in the alleged discriminatory practice under this Chapter.

N.C. Gen. Stat. § 168A–11(c). "Thus[,] courts will dismiss a plaintiff's claims under the NCPDPA when they arise out of the same facts as a claim under the … ADA." *Cone ex rel. Cone v. Randolph Cnty. Sch.*, 302 F. Supp. 2d 500, 514 (M.D.N.C.), *aff'd sub nom. Cone v. Randolph Cnty. Sch.*, 103 F. App'x 731 (4th Cir. 2004) (citing *Gottesman v. J.H. Batten, Inc.*, 286 F. Supp. 2d 604, 615 n.7 (M.D.N.C.2003)). "Here, as in *Gottesman*, [Plaintiff's] claim under the NCPDPA arises from the same facts and circumstances as [his] ADA … claims [(*see generally* Compl.)], and as such fails as a matter of law." *Id.*; *Alston v. Becton, Dickinson & Co.*, No. 1:12CV452, 2013 WL 4539634, at *3 (M.D.N.C. Aug. 27, 2013). In light of Plaintiff's concession to Defendant's argument and because the undersigned finds that this Court lacks subject matter jurisdiction over Plaintiff's NCPDPA claim, Defendant's motion to dismiss Plaintiff's NCPDPA claim should be granted. Accordingly, the Court turns to Plaintiff's ADA claims.

### ii. Plaintiff's claims under the ADA are untimely.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*,

6

550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, [ ] bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible she is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

"In order to assert an ADA claim in federal court, a plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the [EEOC]." *Knotts v. Davie Cnty. Inspection*, No. 1:06CV00412, 2007 WL 295339, at *1 (M.D.N.C. Jan. 29, 2007) (citing 42 U.S.C. § 12117) (applying the administrative procedures of Title VII claims to ADA claims)). "The EEOC charge must be filed within 180 days of the alleged discrimination." *Id.* (citing 42 U.S.C. § 2000e-5(e)(1)). "After a charge is filed, the EEOC investigates the charge." *Id.* (citing 42 U.S.C. § 2000e-5(b)). "If the EEOC does not find a violation of any federal law, the EEOC will issue a 'right to sue letter' authorizing the plaintiff to file suit." *Id.* "After a putative plaintiff receives a right to sue letter from the EEOC, the party has 90 days to file suit." *Id.* (citing 42 U.S.C.2000e-5(f)(1)).

The ninety-day period is not jurisdictional, but instead is treated as a statute of limitations period. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-98 (1982). "Nevertheless, the ninety day timing requirement is strictly enforced." *Brown v. Mayor & City Council of Baltimore*, No. CIV. RDB 08-2549, 2010 WL 481322, at *2 (D. Md. Feb. 5, 2010) (citing *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (ruling that an action filed 91 days after claimant's wife received the notice was untimely)); *Weakley v. Homeland Sec. Sols., Inc.*, No. 3:14CV785 (REP-RCY), 2015 WL 11112158, at *9 (E.D. Va. May 19, 2015), *report and recommendation adopted sub nom. Weakley v. Homeland Sec. Sols., Inc.*, No. 3:14CV785, 2015 WL 11112159 (E.D. Va. June 16, 2015), *aff'd*, 622 F. App'x 253 (4th Cir. 2015) (ruling that action filed 91 days after plaintiff received right to sue letter was untimely).

"A court can dismiss a case pursuant to Rule 12(b)(6) for failure to file in this 90-day period." *Knotts*, 2007 WL 295339, at *1 (citing *Banner v. Morris*, Slip Copy, 2006 WL 2569080, at *1 (M.D.N.C. Aug. 30, 2006) ("Plaintiff's action is not timely, and the court must dismiss the case for failure to state a claim.")). "Moreover, the Supreme Court has not relaxed these time lines for *pro se* plaintiffs." *Id.* (citation omitted); *see also, e.g., Shelton v. Atlantic Bingo Supply Co.*, DKC-11-0952, 2011 WL 4985277, at *2 (D. Md. 2011) (granting defendant's unopposed motion for summary judgment against plaintiff who filed employment discrimination complaint 91 days after receiving right to sue letter from EEOC; holding that "[d]espite Plaintiff's *pro se* status, the law is clear that the ninety-day filing requirement must be strictly construed in employment discrimination cases.").

However, exceptions do exist—equitable tolling "applies to the ADA's statute of limitations provisions, including the 180-day provision for filing an EEOC charge and the 90-day provision for filing a lawsuit." *Williams v. N.C. Admin. Off. of the Cts.*, 364 F. Supp. 3d 596, 604

8

(E.D.N.C. 2018) (citing *Zipes*, 455 U.S. at 398; *Harvey*, 813 F.2d at 653-54). Equitable tolling applies only when, despite a party's having diligently pursued their rights, there are "(1) extraordinary circumstances,[5] (2) beyond [a party's] control or external to [the party's] own conduct, (3) that prevented [the party] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc); *see Holland v. Florida*, 560 U.S. 631, 649 (2010), *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004); *Bratcher v. Pharm. Prod. Dev., Inc.*, 545 F. Supp. 2d 533, 543 (E.D.N.C. 2008).

The "extraordinary circumstances" standard is "demanding." *Id.* at 543. "Principles of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse*, 339 F.3d at 246; *see Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1048-49 (4th Cir. 1987). The party seeking this "extraordinary remedy" bears "a considerable burden to demonstrate that it applies." *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 476 (4th Cir. 2015); *McGuffin v. Colvin*, No. 5:16-CV-467-D, 2017 WL 52579, at *3 (E.D.N.C. Jan. 3, 2017) (unpublished).

*Pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not fantasy," and the court is not expected to plead a plaintiff's claim for him or her. *Pender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998). Employment

---

[5] The Fourth Circuit recognizes a variety of situations that constitute "extraordinary circumstances beyond the [claimant's] control [that] made it impossible to file the claims on time." *Morris v. Lowe's Home Centers, Inc.*, No. 1:10-CV-388, 2011 WL 2417046, at *4 (M.D.N.C. June 13, 2011) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Such circumstances include processing delays or mistakes caused by the EEOC or misleading statements by EEOC officials, *see id.* (collecting cases), wrongful deception or misleading behavior by an employer, *see Thompson v. Navistar, Inc.*, No. 5:10-CV-127-FL, 2010 WL 3991439, at *3 (E.D.N.C. July 27, 2010), *report and recommendation adopted*, No. 5:10-CV-127-FL, 2010 WL 4007647 (E.D.N.C. Oct. 12, 2010), and findings that relevant ordinances are unconstitutional and would impact a procedural provision in federal law, *E.E.O.C. v. Cir. City Stores, Inc.*, 394 F. Supp. 2d 747, 751 (M.D.N.C. 2005).

discrimination claims carry no heightened pleading standard.  *Twombly*, 550 U.S. at 570.  Finally, as with excusable neglect, "*[p]ro se* status alone does not constitute an extraordinary circumstance that justifies equitable tolling."  *Williams*, 364 F. Supp. 3d at 605 (citing *Sosa*, 364 F.3d at 512-13; *McGuffin*, 2017 WL 52579, at *4 & n.4 (collecting cases)).

Here, Plaintiff exhausted his administrative remedies as required by 42 U.S.C. § 12117.  The date of the alleged discrimination is April 1, 2023.  (Compl. at 4.)  Plaintiff alleges that he filed a charge with the EEOC 149 days later on August 28, 2023 (*see id.* at 5, 10), ahead of the 180-day deadline.  The EEOC declined to proceed with its investigation, made no findings on the merits of Plaintiff's claims, and sent Plaintiff a right to sue letter on November 5, 2023 (*id.* at 7), which Plaintiff alleges he received on November 8, 2023.  (*Id.* at 11.)  Plaintiff filed suit 92 days later on February 8, 2024 (*id.* at 1)—two days late.  Because the 90-day deadline applies to *pro se* plaintiffs, this Court has authority to dismiss the case pursuant to Rule 12(b)(6) for failure to timely file unless Plaintiff has demonstrated that equitable tolling applies.  *See, e.g.*, *Lear v. Giant Food Inc.*, No. CIV. JFM-95-3691, 1996 WL 726919, at *1 (D. Md. Mar. 26, 1996) ("The mere fact that plaintiff is proceeding *pro se* does not provide an excuse for non-compliance with the filing deadline.") (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147 (1984)), *aff'd sub nom. Lear v. Giant Foods Inc.*, 96 F.3d 1438 (4th Cir. 1996).

In assessing whether equitable tolling applies to a deadline missed by only one or two days, "*Harvey*, 813 F.2d 652, provides guidance."  *Clark v. Saval*, No. CV DLB-19-3519, 2020 WL 7640819, at *8 (D. Md. Dec. 23, 2020).  In *Harvey*, the claimant filed suit "some ninety-one days after [his] wife had received the [notice of right to sue]."  *Id.*  In *Clark*, wherein the plaintiff was *pro se*, the Court reiterated the Fourth Circuit's holding in *Harvey*, stating that "district courts should conduct a

10

thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period." *Clark*, 2020 WL 7640819, at *8 (quoting *Harvey*, 813 F.2d at 653).

Here, as in *Harvey*, this Court has thoroughly reviewed the facts and the record, and since Plaintiff has not demonstrated any extraordinary circumstances, the undersigned is "persuaded that no such grounds are present." *See Harvey*, 813 F.2d at 653. In his response brief, Plaintiff argues that he was "struck with an aggravated attack of [BPV] on February 4, 2024, which sent him to his primary care provider," who prescribed him meclizine and a diuretic. (Docket Entry 9 at 11.) He argues that the BPV lasted until February 10, 2024, during which time he "was not only unable to use a computer but also unable to drive from Burlington to Hillsborough to file the lawsuit on February 6, 2024." (*See id.* at 13.)

However, Plaintiff's response brief only accounts for an incapacitation of six days and does not account for the eighty-four days prior to the BPV attack, nor does it offer any explanation as to why that time period was insufficient for him to timely file his Complaint. Moreover, as discussed in greater detail below, this "incapacitation" was not so disabling as to prevent him from filing his Complaint on February 8, 2024.

Thus, "[t]here has been no showing that this was not sufficient time within which to act" and therefore the "facts [do not] support equitable tolling." *Clark*, 2020 WL 7640819, at *8 (citing *Harvey*, 813 F.2d at 653); *see also, e.g.*, *Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993); (concluding that there was no basis for equitable tolling where plaintiff had eighty-five days from actual receipt of EEOC right to sue letter to file a claim); *Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630, 1999 WL 556446, at *4 (4th Cir. 1999) (concluding that there were no grounds for equitable tolling where plaintiff, who originally filed a *pro se* EEOC

complaint in federal district court, "had 80 days to file her complaint before the 90-day deadline," which the Court considered "ample opportunity"); *Moulden v. Tangherlini*, No. RDB-14-3506, 2015 WL 8757609, at *3 (D. Md. Dec. 15, 2015) (concluding that *pro se* plaintiff's Title VII and ADEA claims, filed ninety-two days after his receipt of right to sue notice, were not timely and that plaintiff, who had "neither advanced any arguments in support of applying equitable tolling, nor … presented [the] Court with any circumstances to suggest it," had not shown grounds for equitable tolling).

Although Plaintiff alleges and argues that he "was assaulted by [his] former housemate" and that "[t]he effects of the assault remain to this day," (Compl. at 10; Docket Entry 9 at 4, 6), he does not allege or argue any particular mental or physical injury, disability, illness, or condition that resulted from this assault, nor that the "effects" of the assault were in any way debilitating. Thus, this assault provides no basis for a finding of extraordinary circumstances. Relatedly, Plaintiff has not alleged or argued any mistake by the EEOC, any misconduct by his former alleged employer, nor offered any other allegation or argument of a circumstance cognizable as extraordinary. *See, e.g., Morris*, 2011 WL 2417046, at *4 (collecting cases wherein "extraordinary circumstances" were found); *Thompson*, 2010 WL 3991439, at *3 (similar).

Again, the standard to show extraordinary circumstances is demanding, and the burden on the party seeking this remedy is considerable. Plaintiff neither showed that he diligently pursued his rights nor that a circumstance external to his own conduct prevented him from timely filing his Complaint. Moreover, the explanation Plaintiff offers as an excuse for his late filing strains credulity. As described above, he argues that he was "struck with an aggravated attack of [BPV] on February 4, 2024" and that "[t]he vertigo lasted until February 10, 2024."

(Docket Entry 9 at 11.)  Nevertheless, Plaintiff managed to file his Complaint on February 8, 2024.  (*See generally* Compl.)  Plaintiff has made no effort to explain this apparent contradiction.  Accordingly, the undersigned finds Plaintiff's ADA claims were untimely and therefore recommends that Defendant's motion to dismiss be granted.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Duke University Press's motion to strike Plaintiff Leroy Titus Elliott's response (Docket Entry 10) is **DENIED** and **IT IS RECOMMENDED** that Defendant's motion to dismiss Plaintiff's Complaint (Docket Entry 4) be **GRANTED.**

/s/  Joe L. Webster
United States Magistrate Judge

December 2, 2024
Durham, North Carolina